UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-60-CBG |
| | ) |
| TYLER JAY MULLINS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Government's Opposed Motion to Dismiss Indictment (Doc. No. 95) and the Government's Motion to Withdraw Government's Opposed Motion to Dismiss Indictment (Doc. No. 101).

By order dated March 17, 2021, an Oklahoma state district court vacated the 2003 conviction of Tyler Jay Mullins for first degree murder, citing *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). On March 18, 2021, a Complaint was filed in this Court charging Defendant Mullins with a single count of Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. *See* Compl. (Doc. No. 1). On April 14, 2021, the Grand Jury returned an Indictment charging Defendant with that same crime. *See* Indictment (Doc. No. 21). On July 27, 2021, the Grand Jury returned a Superseding Indictment charging Defendant with (1) Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153; (2) Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (iii); and (3) Causing the Death and Murder of a Person in the

Course of a Violation of 18 U.S.C. § 924(c), in violation of 18 U.S.C. § 924(j)(1).  *See* Superseding Indictment (Doc. No. 45).

The matter is currently set for trial on the Court's February 2022 jury trial docket.  On January 31, 2022, a pretrial conference was held, with Dean Burris and Patrick Flanigan appearing on behalf of the United States and Kevin Adams appearing on behalf of Defendant, who was present.  At the pretrial conference, the United States orally moved for leave of court to dismiss without prejudice the charges against Defendant pursuant to Federal Rule of Criminal Procedure 48(a).  *See* Fed. R. Crim. P. 48(a) ("The government may, with leave of court, dismiss an indictment, information, or complaint.").  The United States presented a written motion to that effect for the Court's review at the hearing, and later the same day filed the motion.  *See* Gov't's Mot. Leave to Dismiss (Doc. No. 95). Defendant objected orally at the pretrial conference and asked to file a written response.

Defendant filed his response on February 1, 2022, arguing that dismissal should be disallowed or, if granted, limited to a dismissal with prejudice.  *See* Resp. (Doc. No. 99). Defendant contends that he has been prejudiced by the United States' "intentionally dilatory conduct" and "gamesmanship."  *Id*. at 6, 8-10.  Defendant further argues that the dismissal of the federal charges against him would constitute a violation of the "anti-shuttling provision" of the Interstate Agreement on Detainers Act (IADA), requiring such dismissal to be with prejudice.  *Id*. at 7-8.[1]

On the same day, the United States moved to withdraw its earlier motion for leave,

---

[1] Defendant bases these arguments, at least in part, on the possibility that an Oklahoma state court may rescind the 2021 vacatur of the 2003 conviction of Defendant for first

stating that it was no longer seeking to dismiss the charges against the Defendant.  *See* Gov't's Mot. to Withdraw (Doc. No. 101).  Defendant then filed a response, arguing that "the Court should disallow the withdrawal of the motion to dismiss . . . and issue[] findings to grant with or without prejudice, that the Government's tactics in the gamesmanship with the State of Oklahoma has been dilatory or neglectful, and now most importantly whether the Court can now proceed to trial under a statute that requires 'exclusive jurisdiction' under Count One."  Resp. (Doc. No. 102) at 5.

Defendant has not shown that he would be unfairly prejudiced by the United States' withdrawal of its earlier motion for leave to dismiss.  As noted, Defendant opposed the motion for leave and expressly asked that the Court order the trial to go forward as scheduled.  The relief requested simply leaves undisturbed a trial setting that has been in place since December 27, 2021.  And the record reflects that the current trial setting is not the product of "dilatory conduct" or "gamesmanship" by the United States, but multiple motions for continuances by Defendant, each accompanied by an acknowledgment and waiver of speedy trial rights personally signed by Mr. Mullins.  As to Defendant's suggestions in its two responses that dismissal with prejudice is required by the IADA or an absence of jurisdiction as to the charge of Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153, those contentions are not properly raised through a

---

degree murder (and its resulting sentence of life in prison).  While the United States has informed the Court that a state district attorney "is seeking to have [the] grant of post-conviction relief vacated, and the state conviction reinstated, in light of a later decision of an Oklahoma appellate court finding *McGirt* to not be retroactive," Gov't's Opposed Mot. for Continuance (Doc. No. 73), the parties agreed at the pretrial conference that as of that date the 2003 conviction remains vacated.

3

response brief. Defendant is granted leave to file out of time a motion raising any such issues.

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The Government's Motion to Withdraw Government's Opposed Motion to Dismiss Indictment (Doc. No. 101) is GRANTED;

(2) The Government's Opposed Motion to Dismiss Indictment (Doc. No. 95) is DENIED AS MOOT;

(3) By separate order, the Court has granted Defendant's motion for leave to file a motion to dismiss the charge of Murder in Indian Country due to a lack of jurisdiction. Further, Defendant may—no later than February 4, 2022—file any motion he seeks to assert regarding the other issues raised in Defendant's responses to the Government's Opposed Motion to Dismiss Indictment (Doc. No. 95) and the Government's Motion to Withdraw Government's Opposed Motion to Dismiss Indictment (Doc. No. 101). The United States shall respond to any such motion filed by Defendant no later than February 8, 2022; and

(4) The trial setting and all prior orders and deadlines, including those announced at the pretrial conference, REMAIN IN EFFECT.

IT IS SO ORDERED this 1st day of February, 2022.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge