UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**TYLER JAY MULLINS,** )<br>)<br>**Defendant.** ) | Case No. CR-21-60-CBG |

## ORDER

Now before the Court is a Motion to Dismiss Count One of the Superseding Indictment (Doc. No. 106), filed through counsel by Defendant Tyler Jay Mullins. The Government has responded (Doc. No. 111). Upon consideration of the parties' filings, the Court DENIES Defendant's Motion.

*I.     Background*

In 2002, Defendant pled guilty in the District Court of Pontotoc County, Oklahoma, to the first-degree murder of Rachel Woodall. *See State v. Mullins*, No. CF-2002-124 (Pontotoc Cnty. Dist. Ct.). Eighteen years later, the state district court vacated Defendant's state-court conviction pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020).[1] On March

---

[1] In *McGirt*, the United States Supreme Court held that Congress had never disestablished the Creek Reservation, and so for the purposes of criminal jurisdiction the land within the Creek Reservation was "Indian Country" as defined by federal law. *See McGirt*, 140 S. Ct. at 2478. The Oklahoma Court of Criminal Appeals has since held that much of the eastern half of Oklahoma lies within Indian Country. *See State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 & n.4 (Okla. Crim. App. 2021) (recognizing that McGirt's reasoning likewise applied to the Cherokee, Choctaw, Chickasaw, and Seminole Reservations in eastern Oklahoma).

18, 2021, a federal criminal complaint and arrest warrant were issued for Defendant. *See* Doc. Nos. 1, 2. The federal grand jury returned an Indictment charging Defendant with Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153 on April 14, 2021. *See* Doc. No. 21. A Superseding Indictment (Doc. No. 45) was returned against Defendant on July 27, 2021, charging Defendant with the following: Count One, Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151 & 1153; Count Two, Use, Carry, Brandish and Discharge of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii) & (iii); and Count Three, Causing the Death and Murder of a Person in the Course of a Violation of Title 18 U.S.C. § 924(c) in violation of 18 U.S.C. § 924(j)(1). *See* Superseding Indictment at 1-2.

On January 31, 2022, the Government filed a Motion to Dismiss Indictment (Doc. No. 95), citing the likelihood of Defendant's state conviction being reinstated following the Oklahoma Court of Criminal Appeals' ("OCCA") decisions in *Matloff*, 497 P.3d 686, and *Bosse v. State*, 499 P.3d 771 (Okla. Crim. App. 2021), and the Supreme Court's denial of certiorari in *Parish v. Oklahoma*, 142 S. Ct. 757 (2022). *See* Gov't's Mot. to Dismiss at 1-3. Defendant opposed the Government's Motion to Dismiss, arguing any dismissal of the federal charges should be with prejudice. *See* Def.'s Resp. to Gov't's Mot. to Dismiss (Doc. No. 99) at 7-11; Min. of Jan. 31, 2022 Hr'g (Doc. No. 96). The Government then moved to withdraw its Motion to Dismiss. *See* Gov't's Mot. to Withdraw (Doc. No. 101). The Court granted the Government's Motion to Withdraw over Defendant's objection and denied the Government's Motion to Dismiss Indictment as moot. *See* Order of Feb. 1, 2022 (Doc. No. 105) at 4. In the same order, the Court granted Defendant leave to file the

instant Motion to Dismiss Count One for Lack of Jurisdiction, *see id.*, which he did.

  II.  *Discussion*

  Defendant seeks to dismiss Count One of the Superseding Indictment, arguing: (1) 18 U.S.C. § 1153 requires that the federal government have exclusive jurisdiction over an offense brought under that statute, such as Count One; and (2) the Government's withdrawn Motion to Dismiss evidences that the Government has determined that the State of Oklahoma also has jurisdiction over Defendant, and so there is no "exclusive" federal jurisdiction over Count One as required by § 1153. *See* Def.'s Mot. to Dismiss Count One at 1, 3, 5, 6-7. The Government responds that § 1153 "clearly provides for federal jurisdiction in Defendant's case" and that the Government has not conceded that "it lacked federal jurisdiction over Defendant, who is an 'Indian' for purposes of federal jurisdiction and whose charge in Count One of the Superseding Indictment occurred within Indian Country." *See* Gov't's Resp. at 4.

  As an initial matter, the Court construes Defendant's motion as being made pursuant to Federal Rule of Criminal Procedure 12(b)(2). Defendant does not allege a defect in the Superseding Indictment itself, such as would implicate Federal Rule of Criminal Procedure 12(b)(3)(B). Defendant instead asserts that this Court lacks jurisdiction over the offense articulated in Count One. *See* Def.'s Mot. to Dismiss Count One at 1-5.

  "A motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). "That a court may not adjudicate a criminal prosecution without subject matter jurisdiction is beyond doubt." *United States v. Prentiss*,

256 F.3d 971, 982 (10th Cir. 2001), *overruled on other grounds by United States v. Langford*, 641 F.3d 1195 (10th Cir. 2011).

The jurisdiction of a United States district court over federal criminal prosecutions is prescribed by 18 U.S.C. § 3231:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
>
> Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

18 U.S.C. § 3231.  Pursuant to § 3231, federal district courts have original jurisdiction of offenses against the laws of the United States.  *United States v. Williams*, 341 U.S. 58, 65 (1951) ("The District Court had jurisdiction of offenses against the laws of the United States."); *United States v. Perea*, 413 F.2d 65, 67 (10th Cir. 1969) ("18 U.S.C. § 3231 lodges original jurisdiction of all offenses against the United States in the district courts."). Subject-matter jurisdiction vests in the district court upon the filing of an indictment alleging a violation of federal law.  *Perea*, 413 F.2d at 67; *United States v. McDaniel*, 428 F. Supp. 1226, 1230-31 (W.D. Okla. 1977).

Here, the Court's jurisdiction over the offense set forth in Count One vested upon the filing of the Superseding Indictment because Count One alleges a violation of a federal law—18 U.S.C. § 1153.[2]  *See* Superseding Indictment at 1; 18 U.S.C. § 3231; *Perea*, 413

---

[2] Count One of the Superseding Indictment properly alleges a § 1153 offense:

> On or about April 20, 2002, within the Eastern District of Oklahoma, in Indian Country, the defendant, **TYLER JAY MULLINS**, an Indian, willfully, deliberately, maliciously and with premeditation and malice aforethought, did unlawfully kill Rachel Woodall, with a firearm, in violation of Title 18, United

4

F.2d at 67. This fact is dispositive of Defendant's Motion. *See United States v. Burton*, 856 F. App'x 173, 175 (10th Cir. 2021) ("18 U.S.C. § 3231 is 'the beginning and the end of the jurisdictional inquiry' in cases involving violations of federal criminal law." (quoting *United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011) (internal quotation marks omitted))).

In arguing otherwise, Defendant mischaracterizes § 1153's provision regarding exclusive jurisdiction as a "requirement" to bring a § 1153 prosecution. *See* Def.'s Mot. to Dismiss Count One at 1. The Major Crimes Act, 18 U.S.C. § 1153, provides in relevant part:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153(a). This Act "confers on the United States exclusive jurisdiction over certain offenses . . . committed in Indian Country." *United States v. Roberts*, 185 F.3d 1125, 1129 (10th Cir. 1999); *see also Negonsott v. Samuels*, 507 U.S. 99, 102-03 (1993) ("As the text of § 1153 and our prior cases make clear, federal jurisdiction over the offenses covered by the Indian Major Crimes Act is 'exclusive' of state jurisdiction." (citation omitted)); *Tony*, 637 F.3d at 1158 ("18 U.S.C. § 1153(a) . . . grants the federal government

---

States Code, Sections 1111(a), 1151 and 1153.
Superseding Indictment at 1.

exclusive jurisdiction to prosecute Indians who commit certain crimes occurring within Indian [Country] . . . .").[3]  Rather than exclusive jurisdiction being a prerequisite to bring a prosecution pursuant to § 1153, the statute itself confers exclusive jurisdiction over major crimes committed by Indians within Indian Country upon the United States.[4]  For the reasons explained above, the Court has original jurisdiction over Count One of the Superseding Indictment pursuant to the charging offense itself, 18 U.S.C. § 1153, and 18 U.S.C. § 3231, which confers jurisdiction over prosecutions of federal crimes upon federal district courts.

Defendant further argues that the Government determined that this Court lacks exclusive jurisdiction over Defendant when the Government previously moved to dismiss

---

[3] Both parties cite *Negonsott*, 507 U.S. 99, in support of their arguments. *Negonsott*'s analysis and outcome, which specifically address the Kansas Act's impact on criminal jurisdiction within Indian Country in Kansas, are not applicable or analogous to Oklahoma's unique situation post-*McGirt*.

[4] Defendant has not provided authority supporting that exclusive jurisdiction is a jurisdictional requirement or element of § 1153. In fact, the cases cited by Defendant support the proposition that § 1153 confers exclusive jurisdiction over certain crimes, like that at issue in Count One, on the federal government. *See* Def.'s Mot. to Dismiss Count One at 6 (quoting *United States v. John*, 437 U.S. 634 (1978); *Negonsott*, 507 U.S. at 103; *Solem v. Bartlett*, 465 U.S. 463, 467 n.8 (1984)). Jurisdictional challenges to § 1153 prosecutions are more often premised on a challenge to the land's status as Indian Country, which is an essential element of a § 1153 offense. *See, e.g*, *Tony*, 637 F.3d at 1158; *Roberts*, 185 F.3d at 1129. Even then, the Tenth Circuit has clarified that "[t]he Indian Country nexus, like other similar nexuses in the context of federal crimes, has been called a 'jurisdictional element' but it is 'jurisdictional only in the shorthand sense that without that nexus, there can be no federal crime.'" *Tony*, 637 F.3d at 1158-59 (quoting *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998)). "The absence of a required element 'is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.*, a court's constitutional or statutory power to adjudicate a case.'" *Id.* at 1159 (quoting *Prentiss*, 256 F.3d at 982).

6

the federal charges against Defendant due to the possibility that Defendant's state conviction would be reinstated pursuant to *Matloff*, 497 P.3d 686.  *See* Def.'s Mot. to Dismiss Count One at 4-5.  Defendant, however, has provided no authority supporting the idea that a prosecutor's suggestion that a charge be dismissed is effective to waive, forfeit, or concede the absence of a federal trial court's jurisdiction.  "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."  *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  The Government generally has the discretion to dismiss charges as it deems necessary "unless dismissal is 'clearly contrary to manifest public interest.'"  *See United States v. Robertson*, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995) (quoting *Rinaldi v. United States,* 434 U.S. 22, 30 (1977)); *see also United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004).

The Government's filing of the now-withdrawn motion to dismiss was a discretionary action based in part on the possibility that Defendant's state-court conviction would be reinstated pursuant to *Matloff*.  *See* Gov't's Mot. to Dismiss Indictment at 2-3.  In *Matloff*, the OCCA held that *McGirt* and other post-*McGirt* decisions do not apply retroactively to void a final state-court conviction.  *See Matloff*, 497 P.3d at 694.  On its terms, the decision in *Matloff* is premised on Oklahoma procedural law regarding when a *McGirt* argument could be raised and not the presence of state-court jurisdiction in and of itself.  *See id.*  In any event, the Government did not, in moving to dismiss pursuant to its

7

prosecutorial discretion, forfeit this Court's jurisdiction over a major crime committed by an Indian in Indian Country, as conferred by § 3231 and § 1153.

Therefore, Defendant has not shown this Court lacks jurisdiction with respect to Count One under Rule 12(b)(2) of the Federal Rules of Criminal Procedure.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count One of the Superseding Indictment for Lack of Jurisdiction (Doc. No. 106) is DENIED.

IT IS SO ORDERED this 27th day of June, 2022.

_____
CHARLES B. GOODWIN
United States District Judge